UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey Jawan Robinson,<br><br>Petitioner,<br><br>vs.<br><br>Warden, Perry Correctional Institution,<br><br>Respondent. | C/A No. 5:17-cv-02150-JMC-KDW<br><br>REPORT AND RECOMMENDATION |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a state prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

Corey Jawan Robinson ("Petitioner"), a prisoner in the South Carolina Department of Corrections ("SCDC") prison system, challenges a June 23, 2016 disciplinary violation conviction for failing to obey an order arising from a May 26, 2016 incident at Lee Correctional Institution. *See* http://public.doc.state.sc.us/scdc-public/ (last consulted Sept. 20, 2017) (showing the date of incident and sanctions); *see also* ECF No. 1-2 at 11-17 in *Robinson v. Sharp*, No. 5:17-1011-JMC-KDW (D.S.C.) (SCDC grievance forms, incident reports, and hearing report produced by Petitioner and showing the date of the relevant incident and date of conviction); *see generally Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (a federal court may take judicial notice of the contents of its own records). Petitioner alleges denial of due

process because he was allegedly denied the right to be present at the hearing. Petitioner indicates that "they lied" when they (Lee Correctional Institution personnel) said that he did not want to attend the hearing. Pet. 8, ECF No. 1. Petitioner also states that he was denied due process because he was forced to leave protective custody under threat of additional disciplinary charges. *Id*. Among the penalties for the appealed disciplinary conviction was the loss of 30 days of good-time credits. *See* Pet'r's Answers to Court's Special Interrogs., ECF No. 11. Petitioner indicates that he attempted to appeal from his Step 2 grievance in the South Carolina Administrative Law Court ("ALC"), but that his "mail did not go through" and the case was dismissed. ECF No. 1 at 6. Petitioner acknowledges that he did not seek an appeal in the South Carolina Court of Appeals and did not institute an appeal from the Court of Appeals to the South Carolina Supreme Court, indicating that he had no knowledge that such appeals were available. ECF No. 1 at 7. Petitioner requests return of his 30 days of lost good-time credits. *Id*. at 9.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition

filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.    Discussion

The Petition in this case is subject to summary dismissal because Petitioner did not complete the required exhaustion of remedies. Petitioner indicates that he completed the SCDC administrative remedy process by pursuing both a Step 1 and Step 2 grievance to completion. Pet. 6. However, it is clear on the face of the Petition that Petitioner did not complete an appeal to the ALC as required to exhaust his state court remedies. According to Petitioner, an appeal was attempted but dismissed by the ALC because Petitioner's mail did not go through. *Id.* ("I went through Step 1 grievance, then I went through Step 2 grievance then I filed in (sic) Administrative Appeal [.] [M]y mail did not go through and my case was dismissed."). Petitioner

disclaims knowledge of his rights to further state appeals after the conclusion of an ALC appeal. *Id.* at 7.

Although the lack of exhaustion of remedies is generally considered an affirmative defense and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199, 211-12 (2007), in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's pleadings, sua sponte dismissal prior to service of the pleading is appropriate. *See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005). With respect to a federal habeas corpus petition challenging a prison disciplinary conviction as here, a petitioner must fully exhaust his prison administrative remedies (Step 1 and 2) and his state court remedies, which include an appeal to the ALC. *See Moultrie v. Reynolds*, No. 9:15-cv-0198-DCN, 2015 WL 5474471, at *2 n.4 (D.S.C. Sept. 16, 2015); *Wilson v. Patterson*, No. 9:13-cv-2107-CMC-BM, 2013 WL 4829134, at *4 (D.S.C. Sept. 9, 2013).

Specifically, the current SCDC inmate-grievance policy requires prisoners to undertake attempts at informal resolution of problems before filing a Step 1 grievance form and attaching a copy of the prisoner's informal RTSM. *See* SCDC Policy/Procedure GA-01.12, at §13.2 (May 12, 2014). The policy provides time limitations for the Warden at the prisoner's institution to provide a response to any properly submitted Step 1 grievance, and for the "responsible person" at SCDC headquarters to respond to any Step 2 grievance. *Id.* at §§ 13.5, 13-6. The policy indicates that the decision of the "responsible official" who answers the Step 2 grievance is the Department's final response in the matter. *Id.* at § 13.7. Claims under 28 U.S.C. § 2254 such as this one challenging a disciplinary violation conviction also require exhaustion of state *court*

remedies.[1] *See, e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Graham v. Ray*, No. CA-05-265-7, 2005 WL 1035496 (W.D. Va. May 3, 2005), *aff'd in part, dismissed in part*, 173 Fed. App'x 203, 204 (4th Cir. March 7, 2006). Thus, after receiving the SCDC final response to his Step 2 grievance, if the inmate challenging a disciplinary conviction is still unsatisfied, he or she must then appeal the Step 2 decision to the state ALC. Any ALC decision should then be appealed to the South Carolina Court of Appeals before the inmate can be said to have fully exhausted his state court remedies for § 2254 purposes. *See* S.C. Code Ann. §§ 1-23-380(A)(1) (appeals of final agency action go to ALC); 1-23-610(B) (further judicial review of ALC decisions involving single director agencies such as SCDC go to Court of Appeals); *see also State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (where collateral review of state court convictions is concerned, no need to go through petition for certiorari to state supreme court to fully exhaust state remedies in federal habeas actions).

Regarding the exhaustion process, several federal courts, including the Fourth Circuit Court of Appeals, have ruled that a prisoner is required to follow the rules established by the prison for its grievance process and to correct any problems with his or her compliance with the process before the prisoner can assert that the process is not available to him. *See, e.g.*, *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (inmate must attempt to cure problems with rejected grievance; compliance with procedures must be "exact and complete"); *Lewis v.*

---

[1] Although Petitioner submitted his claim on a form for a petition pursuant to 28 U.S.C. § 2241, he was previously informed that challenges to state prison disciplinary convictions are properly pursued under § 2254 and that his Petition would be construed as one under § 2254. ECF No. 7 at 1 n.1. *See. Royster v. Polk*, 299 F. App'x 250, 251 (4th Cir. 2008) (challenge to disciplinary convictions proper under § 2254); *see also Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) (challenge to disciplinary convictions); *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000) (same; challenge to disciplinary conviction).

*Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)) ("'to exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim,' including the prison's rules for filing an appeal"); *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011) ("in order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure") (citation omitted).

Here, when Petitioner failed to perfect his ALC appeal of his disciplinary conviction, he failed to exhaust his state court remedies with respect to this conviction. *See, e.g.*, *Lindsey v. McKie*, No. 9:11-cv-695-MBS, 2011 WL 7561515, at *6 (Dec. 16, 2011), *report and recommendation adopted*, 2012 WL 932017 (D.S.C. Mar. 19, 2012); *James v. Cohen*, No. 07-4163, 2009 WL 426301, at * 4 (D.S.C. Feb. 19, 2009); *Servey v. S.C. Dep't. of Corrs.*, No. 07-3400, 2007 WL 4376076, at * 2 (D.S.C. Dec. 13, 2007). Petitioner cannot show that the exhaustion process was unavailable to him because there is no indication that Petitioner took any steps when his ALC appeal was dismissed to correct whatever deficiency in his filings justified the dismissal. Moreover, Petitioner's asserted lack of knowledge of the availability of other appeals does not excuse his failure to exhaust his court remedies. *See Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992) (neither prisoner's pro se status nor ignorance of the law constitutes "cause"); *Stanley v. Lockhart,* 941 F.2d 707, 710 (8th Cir. 1991) (Petitioner's lack of knowledge does not constitute sufficient cause to overcome the default). Because Petitioner admits that he did not complete an ALC appeal of his disciplinary conviction, it is clear that the Petition in this case is subject to summary dismissal.

IV. Recommendation

Accordingly, because lack of exhaustion of the Petition cannot be cured by amendment, it

is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice*.

IT IS SO RECOMMENDED.

September 21, 2017 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).